# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISON

| | |
|---|---|
| ANGIE NOEMI VALENCIA BANCHON, et al., | No. 5:26-cv-00441-SSS-BFM |
| Petitioners, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JAMES JANECKA, et al., | |
| Respondents. | |

Before the Court is Petitioners Angie Noemi Valencia Banchon, Valery Stephany Luna Chacon, and Junqing Ma's Petition for Writ of Habeas Corpus. (ECF 1.) Respondents filed their Answer to the Petition. (ECF 7.) For the following reasons, the Court grants the Petition as to Petitioners Chacon and and Ma with respect to their claims under *Maldonado Bautista*.[1]

Petitioner Chacon is a Columbian foreign national who has been in immigration detention since December 2025. (ECF 1 ¶ 15.) Petitioner Ma is a

---

[1] At the hearing held on February 26, 2026, it became clear that Petitioner Banchon's claim is more complicated than the other claims raised in the Petition. (ECF 10.) This Order therefore does not address her claims.

1  Chinese foreign national who has been in immigration detention since December 2025. (ECF 1 ¶ 16.) Petitioners are currently detained at the Adelanto Detention Facility in Adelanto, California, are in removal proceedings, and were denied the opportunity to have a bond hearing and be released on bond. (ECF 1 ¶¶ 1, 35-37.)

On January 26, 2026, Petitioners filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention. (ECF 1 at 23-24.) Petitioners allege that their continued detention violates the Immigration and Nationality Act. (ECF 1 ¶¶ 69-72.)

Respondents concede that Petitioners Chacon and Ma appear to be a member of the Bond Eligible Class certified by this Court in *Maldonado Bautista* and that Petitioners' claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. (ECF 7 at 2-3.) At a hearing held on February 6, 2026, Petitioners Chacon and Ma asked that the Court grant the relief of a bond hearing—the relief Respondents concede they are eligible for, and hold the remaining claims in the Petition in abeyance pending that bond hearing. (ECF 10.)

The troubling circumstances surrounding the refusal by executive agencies to provide those in the Bond Eligible Class with bond hearings are familiar to this Court. Indeed, this Court has already found DHS's policy of denying bond hearings to individuals like Petitioners contrary to the INA. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at *8-*22 (C.D. Cal. Dec. 18, 2025); *see also Huerta Estrada et al. v. Noem et al.*, No. 5:25-CV-03271-SSS-BFM, 2025 WL 3691473, at *3–4 (C.D. Cal. Dec. 10, 2025) (granting petitioner's TRO based upon DHS withholding protections that petitioners "would have otherwise been afforded under § 1226(a)."); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue).

As Respondents concede that Petitioners Chacon and Ma are class members entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants** the petition in part as to those Petitioners for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

Accordingly, it is ORDERED THAT:

(1) The Petition for a Writ of Habeas Corpus (ECF 1) is granted in part as to Petitioners Chacon and Ma with respect to relief pursuant to *Maldonado Bautista*;

(2) Respondents are enjoined from continuing to detain Petitioners Chacon and Ma unless they are provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.[2]

---

[2] Consistent with Ninth Circuit precedent, the Government bears the burden of showing by clear and convincing evidence whether Petitioners pose a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("[a]t the outset of its decision, the BIA properly noted that the government bore the burden to established by clear and convincing evidence that [detainee] is a danger to the community"), *id.* at 786 (reiterating that *Singh* found that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence"). *See also Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the Government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause). Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.

(3) In line with the Magistrate Judge's order, Petitioners Chacon and Ma shall file a status report no later than March 9, 2026, indicating whether the remaining claims in the Petition can be dismissed without prejudice as to these two Petitioners only.

DATED: March 2, 2026

_____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE