\

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

ANGIE NOEMI VALENCIA
BANCHON, et al.,

Petitioners,

v.

JAMES JANECKA, et al.,

Respondents.

No. 5:26-cv-00441-SSS-BFM

**ORDER ACCEPTING
MAGISTRATE JUDGE'S
REPORT AND
RECOMMENDATION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioners' Objections to the Report and Recommendation ("Report"). The Court has engaged in a de novo review of those portions of the Report to which objections have been made.

Petitioners object that, "[t]o the extent that the [Report] implicitly held that Petitioners must exhaust administrative remedies by appealing to the Board of Immigration Appeals, such holding was error." [Dkt. 25 at 1]. The Report did not make such an implicit holding but instead reviewed the merits of Petitioners' claims about the adequacy of their bond hearings. The Court agrees with the Report that Petitioners failed to show that the bond hearings provided to them were inadequate. [Dkt. 21].

Petitioners object that the nature and duration of their confinement did not bear some reasonable relation to the purpose of commitment. [Dkt. 25 at 2-3.] The Court agrees with the Report that Petitioners failed to show a substantive due process violation. Petitioners have not been detained for an extraordinarily long period (approximately four months), and their detention is not clearly excessive given that they were found to have been flight risks. [Dkt. 21 at 7-8]. "Each Petitioner resided in the United States for a relatively brief period, and Respondents allege that each violated the terms of supervision imposed on their release to the community. Neither Petitioner denies that she violated the conditions of bond, though both attempt to provide explanations for their violations." *Id*. at 8. Even if those explanations were credited, the detention was not "so clearly excessive to its legitimate regulatory purpose that it has become punitive, as would be required to show a substantive due process violation requiring release." *Id*.

Petitioners object that the burden was placed on Petitioners at their bond hearings. [Dkt. 25 at 4]. The Court agrees with the Report that "Respondents provided a hearing within the time set by the Court and followed Judge Sykes's instructions that the burden be placed on the government in those hearings." [Dkt. 21 at 4].

The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. Petitioners' Motion for Contempt [Dkt. 15] is **denied**.

3. Counts One, Two, Four, and Five in the Petition are **denied** as to Petitioners Luna Chacon and Ma.

4. Count Three in the Petition is **granted** as to Petitioners Luna Chacon and Ma for the reasons stated in the Court's prior order [Dkt. 11].

5. Judgment shall be entered dismissing this action without prejudice.

6. The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: April 27, 2026

_____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

3